[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-12863
Non-Argument Calendar
_____

D. C. Docket No. 03-21072-CV-AJ

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2006
THOMAS K. KAHN
CLERK**

DONALD R. SPARADO,
as Limited Guardian for Jerry Frank Townsend,

Plaintiff-Appellee,

versus

JAMES E. BOONE, individually,
BRUCE CHARLES ROBERSON, individually,
as former police officer for the City of Miami,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 21, 2006)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

James E. Boone and Bruce Roberson, former police officers for the City of

Miami, Florida, appeal the district court's denial of their motion to dismiss based

on qualified immunity. They contend that the district court erred because the 42 U.S.C. § 1983 malicious prosecution and Fifth Amendment claims filed by Jerry Frank Townsend were not clearly established law in 1979 when Townsend alleges that he was coerced into confessing, or in 1982 when he entered a guilty plea for murder, resulting in his incarceration.[1] They also claim that Townsend's complaint is barred by the statute of limitations.

We have considered the briefs and relevant parts of the record, and conclude that the district court properly determined that Townsend's complaint sufficiently pled a malicious prosecution claim. Additionally, we find that Townsend's claims, as stated in his second amended complaint, are not barred by *Chavez v. Martinez*, 538 U.S. 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003). We note that the district court acknowledged that Boone and Roberson are free to move for summary judgment on qualified immunity grounds should discovery show that the use of Townsend's confessions did not violate the *Chavez* requirements. We also find no merit to the claim that Townsend is barred by the statute of limitations from maintaining his § 1983 action.

The order denying the motion to dismiss is therefore

**AFFIRMED.**

---

[1] Following an investigation in 2001, Townsend was exonerated by DNA evidence, and his convictions in both Broward and Dade Counties were set aside.